JONES, JUDGE:
The Buffalo Creek flood on February 26, 1972 in Logan County left a toll of 118 dead and more than 4,000 persons homeless. The disaster called for extraordinary emergency measures by both government and private citizens. In order to provide housing for the homeless, the State of West Virginia through its Office of Federal-State Relations authorized the United States Corps of Engineers to prepare mobile-home sites, including the placement of utilities, all at the State’s responsibility and expense. In pursuance of this project, the Corps of Engineers through its agents asked the claimant, Emma *271 Gas Company, for permission to close down a gas well owned by the claimant in order to relocate service lines from the well which interfered with the installation of a trailer park for emergency housing. Permission was given by the claimant and on or about March 10, 1972, the well was shut in. The well was turned into the relocated lines on or about April 2, 1972. Subsequent production records showed that the relocated lines were leaking and a large quantity of gas was being lost into the air. Two efforts were made to repair the lines and finally on or about June 1, 1972, the leaks were repaired and the lines restored to efficient service.
At the hearing of this claim, counsel for the respondent opined that “* * * after the disaster down there at Buffalo Creek, all state agencies moved rapidly and did not leave behind the usual trail of paper work to establish what was done.” It is true that the “trail” establishing privity between the claimant and the respondent may be somewhat tenuous. However, we must consider the grave emergency which influenced the authorization of the work which resulted in damage to the claimant. Also, we may not overlook the fact that the claimant voluntarily submitted to the shutting in of its well and thereby lost 23 days’ production.
All things considered the Court is of opinion that the parties have stipulated that the amount of damages sustained by the claimant due to the loss of gas from its well is $550.62, and the Court approves that amount as fair and reasonable.
The claimant’s original claim was for $2,500.00, including $500.00 for “Travel”. An agent for the claimant testified that he made five trips from Manassas, Virginia to the Buffalo Creek area in connection with matters involved in this case. The claim for travel expense was not set out in the amended claim filed on March 27, 1973, but counsel for the claimant contends that the trips were made in an attempt to mitigate damages and should be allowed. However, the evidence in this regard is not sufficiently persuasive and at best the amount is highly speculative. The Court is of opinion not to allow this part of the claim.
Accordingly, the Court awards the claimant, Emma Gas Company, the sum of $550.62.
Award of $550.62.